# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MARTHA J. HARVIN,
      Appellant,

    v.

DEPARTMENT OF AGRICULTURE,
      Agency.

DOCKET NUMBER
DC-0432-14-0154-B-1

DATE: March 9, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Martha J. Harvin</u>, Mount Rainier, Maryland, pro se.

<u>Cliff Lockett</u>, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her alleged involuntary resignation appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        The appellant was employed as an Issues Analyst with the agency's Food Safety and Inspection Service, Office of Public Affairs and Consumer Education (OPACE).  Initial Appeal File (IAF), Tab 10, Subtab 4b.  On September 12, 2013, the agency proposed her removal for failure to successfully complete a performance improvement plan.  *Id.*, Subtab 4e.  On October 24, 2013, after considering the appellant's written response to the proposal, the agency sustained her removal.  *Id.*, Subtab 4d.  In lieu of being removed, the appellant resigned, effective October 24, 2013, via an email to her second-level supervisor, the Deputy Assistant Administrator, OPACE.  *Id.*, Subtab 4c.  The agency accepted and processed the appellant's resignation.  *Id.*, Subtabs 4a-4b.

¶3        After resigning, the appellant filed a Board appeal asserting that her resignation was involuntary because she resigned under duress, coercion, and misrepresentation by the agency, she only was given until the close of business to decide whether to resign in lieu of being removed, and the agency did not allow her to withdraw her resignation on October 24, 2013, without a valid reason. IAF, Tab 13 at 2, 5.

¶4        Without holding the appellant's requested hearing, the administrative judge dismissed the appeal for lack of jurisdiction on the ground that the appellant failed to nonfrivolously allege that her resignation was involuntary.  IAF, Tab 15, Initial Decision (ID) at 5-8.  The administrative judge found that the agency's denial of the appellant's request for additional time to decide whether to resign in lieu of being removed was not coercive and did not render the appellant's resignation involuntary.  ID at 6-7.  The administrative judge also found that the appellant did not contend that she attempted to rescind her resignation prior to or on October 24, 2013, the effective date of her resignation.  ID at 7.

¶5        On review, the Board found that the appellant had nonfrivolously alleged that her resignation was involuntary and remanded the case for further adjudication.  *Harvin v. Department of Agriculture*, MSPB Docket No. DC-0432-14-0154-I-1, Remand Order at 5-6 (Feb. 5, 2015).  Specifically, the Board found that the appellant had submitted an affidavit below alleging that she sought to withdraw her resignation before the close of business on October 24, 2013, and that the agency did not allow her to withdraw it.  *Id.* at 5.  The Board also considered the appellant's further explanation on review that, on the afternoon of October 24, 2013, she telephoned and informed an equal employment opportunity (EEO) specialist that she wanted to rescind her resignation, the EEO specialist informed the appellant that she needed to check with her supervisor, but failed to return the appellant's call before the end of the day.  *Id.*

¶6        On remand, after holding a hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction.  Remand File (RF), Tab 23, Remand Initial Decision (RID).  The administrative judge found that there was no evidence to support the appellant's claim that she attempted to rescind her resignation by contacting the EEO specialist or any other agency official and credited the EEO specialist's testimony that the appellant never told her that she wanted to rescind her resignation over the appellant's testimony to the contrary.  RID at 9-11.

¶7        The appellant has filed a petition for review in which she disputes the administrative judge's findings and credibility determinations regarding whether she communicated to the agency her desire to withdraw her resignation. Remand Petition for Review (RPFR) File, Tab 1 at 9-21. She also reasserts her arguments that her resignation was involuntary because she resigned under duress, coercion, and misrepresentation by agency officials and only was given until the close of business to decide whether to resign in lieu of being removed. RPFR File, Tab 1 at 3-9. The agency has opposed the appellant's petition. RPFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶8        As a preliminary matter, the Board previously found in its decision on the appellant's first petition for review that she failed to nonfrivolously allege that she resigned under duress, coercion, or misrepresentation, as a result of misleading statements made by agency officials, because her working conditions were intolerable due to discrimination, or because the agency denied her request for additional time to decide whether to resign. Remand Order at 4-5. To the extent the appellant seeks reconsideration of these issues on review, RPFR File, Tab 1 at 3-9, we decline to consider such arguments because they are barred by the law of the case doctrine, which "limits relitigation of an issue once that issue has been decided . . . in a different stage of the same litigation." *Nease v. Department of the Army*, 103 M.S.P.R. 118, ¶ 10 (2006); *see Seas v. U.S. Postal Service*, 78 M.S.P.R. 569, 573 (1998) (invoking the law of the case doctrine and declining to reconsider the Board's prior findings regarding the merits of the agency's charges).

The Board will not address evidence or argument submitted by the appellant for the first time on review.

¶9        The appellant argues for the first time on review that the EEO specialist omitted crucial information in the IComplaint[2] system regarding their

_____

[2] IComplaint is a computer system used to track EEO complaints. RF, Tab 21.

conversations on October 24, 2013, during which the appellant asserts she rescinded her resignation. RPFR File, Tab 1 at 13-14, 16-17. As evidence, she attaches documents relating to her EEO complaint concerning her removal, which she contends show that she had conversations with the EEO specialist on other dates, which similarly are not reflected in the IComplaint system. *Id.* at 23-29. The appellant also submits documentation relating to her unemployment benefits and asserts that she applied for unemployment based upon advice from the EEO specialist. *Id.* at 12, 30.

¶10 The Board generally will not consider evidence or argument for the first time on review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980); *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). The documents submitted by the appellant predate the close of the record below, and the appellant has not explained why she could not have made these arguments before the administrative judge. RPFR File, Tab 1 at 23-30. Thus, we need not consider them on review. In any event, none of the documents submitted by the appellant on review establish that she rescinded her resignation. Thus, they would not provide a basis for granting review because they are not of sufficient weight to warrant a different outcome from that of the initial decision. *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980).

The appellant has not established that the administrative judge made erroneous factual findings or credibility determinations.

¶11 On review, the appellant disputes the EEO specialist's testimony, argues that she is not credible, and asserts that the administrative judge erred in her credibility determinations. RPFR File, Tab 1 at 9-21. To resolve credibility issues, an administrative judge must identify the factual questions in dispute, summarize the evidence on each disputed question, state which version she believes, and explain in detail why she found the chosen version more credible,

considering factors such as the following: (1) the witness's opportunity and capacity to observe the event or act in question; (2) the witness's character; (3) any prior inconsistent statement by the witness; (4) a witness's bias, or lack of bias; (5) the contradiction of the witness's version of events by other evidence or its consistency with other evidence; (6) the inherent improbability of the witness's version of events; and (7) the witness's demeanor. *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987).

¶12     The Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). Where, as here, an administrative judge has heard live testimony, her credibility determinations must be deemed to be at least implicitly based upon the demeanor of the witnesses. *Little v. Department of Transportation*, 112 M.S.P.R. 224, ¶ 4 (2009). We find that the appellant's assertions on review reflect her mere disagreement with the administrative judge's reasoned credibility findings, and they do not provide a sufficiently sound reason for overturning those findings. *See Diggs v. Department of Housing & Urban Development*, 114 M.S.P.R. 464, ¶ 8 (2010).

¶13     Applying the *Hillen* factors, the administrative judge found that the appellant's testimony, that she told the EEO specialist that she wanted to rescind her resignation, was not credible and was not consistent with the record evidence. RID at 10-11. The administrative judge noted that in the appellant's sworn statement submitted below, she did not claim therein that she had communicated her desire to rescind her resignation to the EEO specialist or any other agency official. RID at 10. The administrative judge also found significant that the appellant did not attempt to email or call her second-level supervisor to rescind her resignation after she emailed him her resignation and instead responded to his email confirming her resignation by thanking him. *Id.*

¶14　　In contrast, the administrative judge found that the EEO specialist testified in a clear, direct, and straightforward manner. RID at 9. The administrative judge further found that the EEO specialist's testimony that the appellant never told her that she wanted to rescind her resignation during their discussions on October 24, 2013, was consistent with the record evidence. *Id.* The administrative judge noted that the IComplaint system, which contained notes of the appellant's October 24, 2013 conversation with the EEO specialist, made no mention of the appellant requesting to rescind her resignation. *Id.* She also noted that the appellant's lengthy email to the EEO specialist the day after her removal failed to mention the appellant's purported rescission. RID at 9-10.

¶15　　The administrative judge found, moreover, that, although the appellant's son testified in a clear, direct, and straightforward manner, his testimony was of limited probative value because he merely confirmed the appellant's claim that she had called the EEO specialist, but could not confirm that the appellant had informed the EEO specialist that she wanted to rescind her resignation. RID at 10.

¶16　　On review, the appellant disputes the administrative judge's finding that she did not claim in her sworn statement that she attempted to withdraw her resignation with the EEO specialist or any other agency official. RPFR File, Tab 1 at 17. In her sworn statement, the appellant indicated, "I sought to withdraw my proposed offer to resign prior to tight deadline of COB on October 24, 2013, but the agency did not have a valid reason for not allowing its withdrawal." IAF, Tab 13 at 2. Even if we were to assume that the appellant's sworn statement implies that she attempted to withdraw her resignation, as she claims, we would conclude that it would not affect the ultimate outcome of the case, given the administrative judge's otherwise proper credibility determinations on the issues before us.

¶17　　The appellant also disputes the administrative judge's finding that she did not address her rescission of her resignation in her October 25, 2013 email to the

EEO specialist on the day after her removal. RPFR File, Tab 1 at 17. However, we agree with the administrative judge that this email fails to mention the appellant's purported rescission and does not reference any of the appellant's alleged conversations with the EEO specialist on October 24, 2013, regarding her attempts to rescind her resignation.[3] RID at 9-10; RF, Tab 4 at 11.

¶18        Finally, the appellant disputes the administrative judge's finding that there was no evidence that she left a message for the EEO specialist concerning rescinding her resignation. RPFR File, Tab 1 at 18. She asserts that her son testified that he witnessed her crying and heard her state that she was trying to call the EEO specialist to rescind her resignation, that he dialed the EEO specialist's work and cell phone numbers repeatedly for her, and that after receiving the EEO specialist's voicemail, he handed the phone to her and she left several voicemail messages. *Id.* The appellant does not, however, contend that her son testified that he heard her leave a voicemail message rescinding her resignation. Thus, we defer to the administrative judge's finding that the appellant's son's testimony was of little probative value and did not detract from the EEO specialist's credibility. RID at 10.

---

[3] The appellant contends for the first time on review that she sought to rescind her resignation via her October 25, 2013 email to the EEO specialist in which she stated, "I hope and pray that I can be Reinstated back at USDA, and continue doing a wonderful job." RPFR File, Tab 1 at 17. We will not consider this argument now because the appellant has not shown that it is based on new and material evidence that was not previously available despite her due diligence. *See Banks*, 4 M.S.P.R. at 271. In any event, even if this email could be construed as a request to withdraw her resignation, the appellant was not entitled to rescind her resignation after the October 24, 2013 effective date of her resignation. *See Glenn v. U.S. Soldier's & Airmen's Home*, 76 M.S.P.R. 572, 576-77 (1997).

¶19     We have considered the appellant's remaining arguments on review, but find that such arguments constitute mere disagreement with the administrative judge's credibility determinations and factual findings and do not provide a basis for disturbing the initial decision.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:      _____
               William D. Spencer
               Clerk of the Board

Washington, D.C.